UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **HUEY L. STRADER**<br>Petitioner, | ]<br>]<br>] |
| v. | ] No. 3:09-0948<br>] Judge Trauger |
| **CHARLES TRAUGHBER**<br>Respondent. | ]<br>] |

**O R D E R**

The petitioner is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He has filed a *pro se* habeas corpus petition (Docket Entry No. 1), alleging that his due process rights were violated when the respondent revoked his parole.

The petitioner brought this action pursuant to 28 U.S.C. § 2254. That statute provides habeas corpus relief for someone who is challenging the imposition of a judgment and sentence entered against him by a State court. In this instance, the petitioner is not questioning the legality of his underlying conviction. Instead, he is attacking the execution of that sentence, believing that he should be allowed to serve his sentence while on parole rather than in prison. A challenge to the execution of a prisoner's sentence is more properly construed as a petition brought pursuant to 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Accordingly, the Court shall treat the habeas corpus petition as one brought pursuant to 28 U.S.C. § 2241. *See* Lee v. United States, 501 F.2d 494, 499 (8th Cir. 1974)(a claim of constitutional deprivation of due process rights by a Parole Board is a matter related to the execution rather than the imposition of a sentence).

Venue for a § 2241 petition is proper in the judicial district within whose territorial

jurisdiction the petitioner's custodian can be found. In re Gregory, 181 F.3d 713 (6th Cir. 1999). In this case, the petitioner's custodian is the Warden of the Northeast Correctional Complex. That facility rests in Johnson County, which lies within the jurisdiction of the United States District Court for the Eastern District of Tennessee. 28 U.S.C. § 123(a)(2). Venue for this action, therefore, is not proper in this judicial district.

To cure the deficiency in venue, the Clerk is directed to transfer this action to the United States District Court for the Eastern District of Tennessee, Northeastern Division at Greenville, Tennessee. 28 U.S.C. § 1406(a).

It is so ORDERED.

                                            Aleta A. Trauger
                                            United States District Judge