UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| HUEY L. STRADER, No. 79013, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 2:09-CV-247 |
| ) | |
| HOWARD CARLTON, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM and ORDER**

*Pro se* prisoner Huey L. Strader brings this application for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his constitutional rights were violated in connection with his 2005 Tennessee parole revocation hearing. The Court has before it petitioner's letter notices (Docs. 26, 31), in which he indicates that Howard Carlton has retired from the position of warden, has been replaced by David Sexton, and is no longer the proper respondent. Since David Sexton is now petitioner's custodian, Howard Carlton is **DISMISSED** as a party and Warden David A. Sexton is **SUBSTITUTED** as the respondent. *See* Rule 2, Habeas Corpus Rules.

**I. HABEAS CORPUS PETITION**

In the § 2241 application for a writ of habeas corpus, petitioner raises two claims—one alleging deprivations of due process of law and the other ineffective assistance of counsel, (Doc. 1). Respondent David A. Sexton filed copies of petitioner's state court record and an answer to the petition, arguing that the writ should be denied. Notwithstanding petitioner's arguments to the contrary, contained in his reply, the Court agrees with respondent warden and will **DISMISS** this petition.

A.  **Procedural History**.

Petitioner was charged with violating his parole and, following a revocation hearing, his parole was revoked. Petitioner filed a petition for certiorari in the Chancery Court for Davidson County, Tennessee, challenging the revocation, but the revocation was upheld, (Doc. 24-1, Chancellor Ellen Hobbs Lyle's Memorandum and Order of Jan. 10, 2007). He was equally unsuccessful in his quest for relief in the state appellate court, as well as in the state's highest court. *Strader v. Traughber*, M2007-00248-COA-R3-CV, 2008 WL 5204431 (Tenn. Ct. App. Dec. 11, 2008), *perm. app. den.*, (Tenn. 2009). He now brings this § 2241 habeas corpus petition, claiming that the admission of hearsay during his revocation hearing violated his rights to due process and to confront his accusers and that, in several instances, he received ineffective assistance of counsel in violation of the Sixth Amendment.

B.  **Factual Background**.

The factual recitation which follows was taken from the Tennessee Court of Appeals' opinion, following the Davidson County court's denial of his petition for a writ of certiorari. *Strader*, 2008 WL 5204431, at *1-*2.

On November 25, 2004, while on parole from another offense, petitioner was arrested and charged with domestic violence in connection with a physical confrontation he had with his wife at their home. The officer who arrested petitioner, Soddy-Daisy Police Officer Rankhorn, interviewed both parties involved in the fracas, as well as a neighbor who was on the scene. According to the officer, Ms. Strader said that, during their argument, petitioner had hit her on the head with a hammer and the neighbor stated that while she was on the phone calling the police, petitioner had approached her with a closed fist. Petitioner denied assaulting his wife and asserted

that it was she who had assaulted him. The officer, observed a "small, visible knot" on Ms. Strader's head, but no visible marks on petitioner, believed him to have been the primary aggressor and so testified at the subsequent hearing on the domestic violence charges in the municipal court. However, Ms. Strader testified to the opposite of what the officer stated she had reported to him on the night of the arrest, and the domestic assault case against petitioner was dismissed.

Thereafter, based on this incident, petitioner was charged with two parole violations, one of which was dismissed at a revocation preliminary hearing. At the final revocation hearing on April 27, 2005, the Parole Board's factual basis for its charge that, "on or about 11/25/04 Subject engaged in assaultive, abusive and threatening behavior," was presented by petitioner's parole officer, Steve Braz. Petitioner was represented by retained counsel.

At the outset, Mr. Braz asked if one of his witnesses, who had expressed a fear of appearing and had requested confidentiality, could submit a written confidential statement rather than appear personally. The hearing officer reviewed the statement, found that there was good cause to excuse the witness and to admit the statement, and granted the witness's confidentiality request. Thereafter, Officer Rankhorn testified as he had in the prior domestic violence proceedings, but much of his testimony consisted of hearsay, since he had not been present when the altercation erupted. Petitioner repeatedly objected to the officer's testimony.

Gale Reed, another parole officer, testified as to the basis for a parole violation report filed against petitioner in June 2004. The report was based on charges that he had assaulted his wife, as well as her daughter, and that he had possessed weapons in violation of his parole. That matter was dismissed when his family members declined to testify or even to attend the revocation hearing.

Determining that petitioner had violated a condition of his parole, the hearing officer

3

sustained the charge and recommended that his parole be revoked. That recommendation later was adopted by the Board.

C. **Standards of Review**.

Respondent argues that the petition should be dismissed because the state court decision disposing of the claims may not be disturbed under the deferential review standards in § 2254(d), (Doc. 23).

Habeas corpus relief may be granted only when the adjudication of a claim results in a state court decision that: (1) is contrary to, or involves an unreasonable application of, clearly established Supreme Court precedent or (2) is based upon an unreasonable determination of the facts in light of the evidence before the state courts. *See* 28 U.S.C. § 2254(d)(1) and (d)(2).[1]

A state court's decision is "contrary to" federal law when it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or resolves a case differently on a set of facts that cannot be distinguished materially from those upon which the precedent was decided. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" prong of § 2254(d)(1), the relevant inquiry is whether the state court identifies the correct governing legal rule from Supreme Court decisions but unreasonably applies that rule to the particular facts of the case. *Id.* at 413. The habeas court is to determine only whether the state court's decision is objectively

---

[1] Though a "§ 2254 petition for a writ of habeas corpus is the proper avenue" to challenge a revocation of parole, *White v. Gittens*, 67 Fed.Appx. 286, at *288, 2003 WL 21221973, **2 (6th Cir. May 23, 2003) (citing *Morressey v. Brewer*, 408 U.S. 471, 485-89 (1972)), petitioner's habeas corpus application was labeled as a § 2241 petition. Nevertheless, the Sixth Circuit has held that "§ 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case. . . [and] that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001). Thus, the standards which govern § 2254 petitions govern this one as well.

4

Case 2:09-cv-00247  Document 45  Filed 03/14/12  Page 4 of 13  PageID #: 479

reasonable, <u>not</u> whether, in the habeas court's view, it is incorrect or wrong. *Id*. at 411.

This is a high standard to satisfy. *Bowen v. Jones*, 2012 WL 573863, *5 (6th Cir. Feb. 22, 2012) (explaining that to succeed on a claim considered by a state court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement") (citing *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011)). Additionally, a factual determination made by a state court is presumed correct unless a petitioner rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**D. <u>Law and Analysis</u>.**

1. <u>Due Process Claims</u>.

In this category of claims are petitioner's allegations that hearsay was admitted at his final revocation hearing and that the State failed to establish, by a preponderance of the evidence, that he had violated a term of his parole.

According to the Supreme Court, "the conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards." *Moody v. Daggett,* 429 U.S. 78, 85 (1976) (citing *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972)). A parolee is entitled to a written notice of the alleged parole violations; to disclosure of the evidence against him; to a chance to be heard in person and to offer witnesses; to confront and cross-examine adverse witnesses, unless good cause is found to avoid confrontation;[2] a "neutral and detached" factfinder; and a written statement

---

[2] However, the Sixth Amendment right of confrontation, as explained in *Crawford v. Washington*, 541 U.S. 36 (2004), which applies to criminal prosecutions, does not apply to parole revocation proceedings. *United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir. 2005). "[T]here is no thought to equate [the revocation hearing] to a criminal prosecution in any sense." *Morrissey*, 408 U.S.at 489.

of the evidence relied on and the reasons for the revocation, though he does not enjoy "the full panoply," of constitutional protections afforded to a criminal accused. *Morrissey*, 408 U.S. at 480, 489. These circumscribed requirements were intended "to assure that the finding of a parole violation will be based on verified facts." *Id.* at 484. It is the confrontation requirement which is at issue here.

a. *Hearsay - Officer's Testimony*: Petitioner claims that Officer Rankhorn's testimony was unreliable hearsay because the information upon which it was based was itself unreliable. The information was unreliable, according to petitioner, because it consisted of statements given by a neighbor and Ms. Strader, who not only had been drinking at the time of petitioner's arrest but who also recanted those statements during her testimony at petitioner's municipal court hearing on the domestic violence charge. Indeed, Officer Rankhorn could only attest to the "small, visible knot" seen on Ms. Strader's head. And though the officer recounted that, during his investigation of the incident, Ms. Strader had reported that her injury resulted from petitioner's striking her on the head with a hammer, he had no personal knowledge as to how the alleged injury occurred.

This issue was raised and addressed in the Tennessee Court of Appeals, which stated that:

> there was independent evidence---Officer Rankhorn's personal observations---to support a finding that the statements about which he testified were reliable. Mr. Strader had full opportunity to cross-examine Officer Rankhorn and did so with vigor, securing testimony that Ms. Strader acknowledged that she and Ms. Smith had been drinking; that there were several beer cans in Ms. Smith's trailer; that no hammer was found in the Strader trailer; and that, in Officer Rankhorn's opinion, Ms. Strader was untruthful. There is no indication in this record that Officer Rankhorn's investigation was inadequate.

*Strader*, 2008 WL 5204431, at *4 (footnote omitted).

6

The discussion of the officer's testimony set forth in the state court opinion, as supported by the 52-page transcript of the revocation hearing offered in this Court, (Doc. 24, Add. 3), reveals that petitioner received all of the process due him under *Morrissey*. Petitioner was afforded the opportunity to confront the officer, who had been sworn, and to cross-examine him in an attempt to undermine his testimony. Through petitioner's attorney, petitioner subjected that testimony to rigorous cross-examination, during which counsel elicted the facts that the officer was not present during the actual assault, that his testimony was based on the statements of others—one of whom had recanted what she had said in her statement to him—and that his only firsthand knowledge resulted from what he had observed and what he had learned after the altercation had terminated.

After listening to the challenged testimony, the cross-examination, and other evidence, the hearing officer and, thereafter, the Board sustained the parole violation charge, necessarily accepting the officer's testimony as to the events which occasioned the charge and, likewise, accepting the police report of the incident introduced through that testimony. *See Crawford v. Jackson*, 323 F.3d 123, 129 (D.C.Cir.) (reliance on police investigative report at parole revocation not a violation of due process), *cert. den.*, 540 U.S. 856 (2003). As the state court recognized, "considerations of credibility of witnesses and weight of testimony were for the Board." *Strader*, 2008 WL 5204431, *4.

The question as to the reliability and credibility of the officer's testimony was resolved implicitly by the hearing officer, who recommended revocation—a recommendation accepted by the Board, and thereafter, explicitly by the state court. *Strader*, 2008 WL 5204431, at *4 ("[T]here was independent evidence -Officer Rankhorn's personal observations-to support a finding that the statements about which he testified were reliable." *See Crawford*, 323 F.3d at 120 at 130-31 (proof backed up by observations contained in a police investigative report is reliable).

7

As the Supreme Court has held, "the process [in the revocation hearing] should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489. Petitioner has not cited to a rule in a Supreme Court decision, and this Court knows of none, reflecting that the state court's adjudication of his hearsay claim is contrary to, or an unreasonable application of federal law. Accordingly, relief is unwarranted with respect to this claim.

      b. *Hearsay - Confidential Statement*: Another due process deprivation to which petitioner points is the admission, through Officer Rankhorn's testimony, of the confidential statement of a witness, whom he identifies as Ms. Smith (petitioner's neighbor), but who is unidentified in the record. As discussed in the factual recounting, the parole officer who presented for the Board at the revocation hearing sought to submit for consideration a confidential statement of a witness who, he explained, faced a risk of harm if she were to be forced to appear and testify at the hearing. Over petitioner's objection, the statement was allowed.

While the right of confrontation secured by the Sixth Amendment does not apply to parole revocation proceedings, due process demands that the parolee have an opportunity "to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 U.S. at 489. Evidence which would be inadmissible against a citizen accused may be used in a parole revocation setting, *Kirby*, 418 F.3d. at 627, and may consist of "affidavits, depositions, and documentary evidence," in lieu of live testimony where appropriate. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.5 (1973); *see also Morrissey*, 408 U.S. at 488-89,490 (evidence may include "letters . . . and other material"). Even so, the admission of such evidence as a substitute for in-court testimony is dependent upon a specific finding of good cause by

8

the hearing officer.

In this case, after reviewing *in camera* the confidential statement the parole officer proposed to introduce, the hearing officer found that the "element of fear on the part of the person giving the testimony" supplied good cause to excuse the witness from appearing, to admit the statement, and to disallow cross-examination, (Doc. 23, Addendum 23, pp 8-10). This issue was raised in the Davidson County Chancery Court, which found that

> as a matter of fact the statement contains sufficient detail and explanations of the witness' fear and the basis for that fear that the hearing officer was justified in not requiring the witness to appear at the final revocation hearing but, instead, testify through the confidential witness statement. The confidential witness statement is so compelling in communicating the witness' fear, the basis for the fear and why contradictory previous statements could have been made, that the Court concludes that the hearing officer did not act illegally or arbitrarily in allowing the statement to be admitted into evidence and to deny the right of cross examination and confrontation.

*Strader*, 2008 WL 5204431, at *3. The claim was reviewed in the state appellate court, which concurred

> with the chancellor that the hearing officer's determination was not arbitrary and capricious. The chancellor examined the statement in detail and made the factual determination that good cause existed due to a risk of harm to the witness and the witness' fear. A finding that a witness would be "exposed to a significant risk of harm" is a sufficient showing of good cause to deny confrontation.

*Strader*, 2008 WL 5204431, at *3.

Petitioner will be afforded relief if he can demonstrate that the state court's disposition of his claim meets the "contrary to" or "unreasonable application" prongs of § 2254(d). He has not made that showing and it is unlikely that he could, given the Supreme Court's rule that "if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination." *Morrissey*, 408 U.S. at 487. No

9

writ will issue with respect to this claim.

      c. *Sufficiency of the Evidence - Hearsay.* In the final claim in this category, petitioner asserts that the Board failed to establish by a preponderance of evidence that he violated a term of his parole. His only supporting argument is that the evidence presented at the revocation hearing was inadmissible hearsay, without which there was no permissible proof upon which to base a finding that he violated a parole condition and, thereby, sustain the revocation of his parole.

      This issue was presented to the Tennessee Court of Appeals and, following a discussion of petitioner's allegations involving the admission of hearsay, it held that "[t]here was sufficient evidence properly admitted to support the Board's finding that Mr. Strader violated Rule 11 of the rules applicable to his parole." *Strader*, 2008 WL 5204431, at *4.

      In a parole revocation hearing, "proof beyond a reasonable doubt, among other things, do[es] not apply." *Samson v. California*, 547 U.S. 843, 849 (2006) (citing *United States v. Knights*, 534 U.S. 112, 120 (2001)). As noted, evidence which would be inadmissible against a citizen accused will sometimes be allowable in a parole revocation setting. *See Kirby*, 418 F.3d at 627; *see also Morrissey*, 408 U.S. at 490 (citing to "letters, affidavits, and other material" as examples of such evidence).

      First of all, it is unclear that this is an issue which is a proper subject for habeas corpus review. *See, e.g., Parrish v. Wainwright*, 614 F.2d 1028, 1029 (5th Cir. 1980) (""Assuming that we should review the sufficiency of evidence to sustain a parole revocation, *cf. Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (sufficiency of evidence to sustain criminal conviction), a question we do not decide, we cannot say that the evidence was insufficient.").

      Secondly, the Court has already found that § 2254(d) deference is owed to the state court's

ruling that due process was not violated by the admission of the challenged hearsay evidence—a finding which necessarily undercuts petitioner's claim that the evidence was insufficient due to the admission of hearsay evidence. *See Morrissey*, 408 U.S. at 488-489 ("If the procedures followed by the Parole Board are found to meet the standards laid down in this opinion that, too, would dispose of the due process claims for these cases."). At any rate, petitioner has cited to no Supreme Court precedent which shows that the state court's decision is an unreasonable application of Morrissey and he, therefore, is entitled to no relief on his insufficient-evidence allegations.

2. Ineffective Assistance Claims.

Petitioner had charged that his retained counsel gave him ineffective assistance by failing to assert a violation of the notice requirement in parole revocation proceedings, to pursue discovery, to make a witness appear, to introduce evidence of her blood alcohol level, and to ensure that his client received due process.

Respondent failed to address or even mention petitioner's ineffective assistance claim, which was attached to the end of his § 2241 pleading. Nonetheless, there is a statutory requirement that a petitioner must first exhaust his state court remedies by "fairly presenting the legal and factual substance of every claim," *see Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987), to all levels of state court review, including the highest state court on discretionary review, where such review is part of the state's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). If a petitioner fails fairly to present his federal claims to the state courts, and in accordance with the state's procedural rules, he forfeits the right to federal habeas corpus review of those claims, unless he can show cause for his non-compliance and actual prejudice as a result of the claimed constitutional violations, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or can demonstrate that he is

11

actually innocent so that the failure to review his claims will result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner did not raise this claim in the state courts. His failure to do so constitutes a procedural default, which may be overcome by a sufficient showing of cause and prejudice. No claim of cause or prejudice has been pled and, thus, petitioner has forfeited federal habeas review of his ineffective-assistance claim.

E. **Conclusion.**

For the reasons discussed above, the petition will be **DENIED** and this case will be **DISMISSED**.

One final matter remains for discussion: whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural rulings or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000).

The Court has found that one of petitioner's claims was procedurally defaulted and that he has not made a showing of cause and prejudice to overcome this obstacle. The Court also found that the claims which were adjudicated in state court would not support habeas corpus relief because, after an examination of the state court decisions, the record, and the relevant governing law in Supreme Court cases, the state-court decision did not run contrary to well established federal law, did not reflect that the state court had unreasonably applied that law, and did not demonstrate that the state court had disposed of the claim by unreasonably determining the facts offered to those courts.

Thus, the Court assessed petitioner's claims under the relevant standards and finds that they do not deserve to proceed further because they have no viability in light of the governing law and jurists of reason would not conclude the Court's disposition of those claims was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE